UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONNA HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00531-SDN |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Donna Hunt filed a complaint, on behalf of Medicare Beneficiaries and Labrie-Hunt Holdings, LLC ("Labrie-Hunt"), seeking federal judicial review of two prior administrative decisions from agencies within the Department of Health and Human Services ("HHS") concerning Labrie-Hunt's Medicare reimbursements. ECF No. 1. The government moves to dismiss the complaint, arguing that because Ms. Hunt is not a lawyer, she both lacks authority to appear on behalf of a corporation, ECF No. 9 at 2, and has not otherwise established standing to bring suit, ECF No. 18 at 2. For the reasons that follow, the Court **GRANTS** the government's motion to dismiss. ECF No. 9. Ms. Hunt's complaint is thus **DISMISSED without prejudice**.

### DISCUSSION

Ms. Hunt seeks judicial review from this Court of the HHS' Office of Medicare Hearings and Appeals decision denying Labrie-Hunt's initial request for Medicare reimbursement, *see* ECF No. 1-1 at 32–43, and the subsequent order of HHS' Medicare Appeals Council dismissing Labrie-Hunt's request for review of the decision, *see id.* at 20–27. The government moves to dismiss Ms. Hunt's complaint, arguing her filing is not legally cognizable because she is a non-attorney seeking to represent a corporation and

thus violates "'the time-hallowed restriction[] on corporations,' namely 'that, in court proceedings, they must be represented by a licensed attorney.'" ECF No. 9 at 2 (quoting *In re Las Colinas Dev. Corp. v. Walter E. Heller & Co. of P.R.*, 585 F.2d 7, 13 (1st Cir. 1978)). In response, Ms. Hunt requests this Court waive the requirement for an attorney to represent Labrie-Hunt because her complaint was filed "to correct an[] administrative error . . . and does not require litigation." ECF No. 13 at 2.

A corporation may only appear in federal court through a licensed attorney—it cannot represent itself. *See, e.g.*, *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000); *Long Timers Grp. v. Magnusson*, CV. No. 08-305, 2009 WL 3806129, at *2 (D. Me. Nov. 12, 2009) ("Under First Circuit law a corporation cannot appear in federal court without a lawyer."). This rule is absolute; no exception exists for cases characterized as straightforward or merely administrative in nature. Here, Ms. Hunt has not signed any pleadings as a licensed attorney or otherwise provided any form of certification to that effect. Indeed, Ms. Hunt acknowledges her non-lawyer status by asking the Court to waive the requirement that a corporation proceed through a licensed attorney. *See* ECF No. 13 at 2. Ms. Hunt cites no judicial authority to support her request for a "waiver" of this requirement. Seeking federal judicial review of an administrative decision subjects the matter to the full procedural requirements of federal litigation, including the rule that corporations must appear through counsel. Put simply: to litigate this case, Labrie-Hunt must appear in federal court through a licensed attorney.

In addition, Ms. Hunt fails to plead facts sufficient to establish jurisdiction over her complaint. For instance, she does not allege any facts regarding Labrie-Hunt's place of business or incorporation. The applicable federal regulation authorizing judicial review of an administrative decision requires that the civil action be filed in the "judicial district

in which the party resides or where such individual, institution, or agency has its principal place of business." 42 C.F.R. § 405.1136(b)(1). To establish jurisdiction before this Court, the complaint must allege that Labrie-Hunt's principal place of business is in Maine, which it has failed to do.[1] *See D & G Holdings, LLC v. Price*, No. 17-cv-1045, 2022 WL 2427448, at *1 (W.D. La. May 11, 2022) (applying § 405.1136(b) and finding the district court where corporation's principal place of business is located is proper venue for federal action). Moreover, to the extent Ms. Hunt's complaint can be construed as asserting claims in her own right, it fares no better. Even when read liberally, *see Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004), she pleads no "injury in fact" and therefore lacks Article III standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### CONCLUSION

For these reasons, the Court **GRANTS** the government's motion to dismiss, ECF No. 9, and **DISMISSES** Ms. Hunt's complaint without prejudice, ECF No. 1. Should Labrie-Hunt wish to seek further federal judicial review of the underlying administrative decisions, it must do so through a licensed attorney in accordance with the provisions of 42 C.F.R. § 405.1136.

**SO ORDERED.**

Dated this 30th day of June, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[1] Indeed, the record suggests Labrie-Hunt may be unable to cure this deficiency. The parties' submissions indicate that Labrie-Hunt is a limited liability company registered in New Hampshire, *see* ECF No. 9 at 1 n.2, and that its primary mailing address is likewise in New Hampshire, *see* ECF No. 1-1 at 3, 20. The Court need not reach this issue but notes that, if accurate, the District of Maine would not be the proper venue for this litigation. *See* 42 C.F.R. § 405.1136(b).